IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WISCONSIN ELECTRIC POWER COMPANY,

        Plaintiff,

   v.

THE NORTHERN ASSURANCE COMPANY OF AMERICA
as successor to EMPLOYERS SURPLUS LINES INSURANCE COMPANY,

        Defendants.

ORDER

07-C-277-S

---

WISCONSIN ELECTRIC POWER COMPANY,

        Plaintiff,

   v.

CENTURY INDEMNITY COMPANY as successor to
CALIFORNIA UNION INSURANCE COMPANY, INDEMNITY
INSURANCE COMPANY OF NORTH AMERICA and INSURANCE
COMPANY OF NORTH AMERICA, CONTINENTAL INSURANCE
COMPANY as successor to HARBOR INSURANCE COMPANY
and GENERAL REINSURANCE COMPANY,

        Defendants.

07-C-299-S

---

Defendant Century Indemnity Company's motion to compel discovery came on to be heard by telephone in the above entitled matters on October 31, 2007, the plaintiff having appeared by Heller Ehrman by David Klein, David J. Harth, Shara Boonshaft and Mark J. Plumer; defendant Northern Assurance Company of America by Litchfield Cavo by Joseph B. Royster; defendant Century Indemnity Company by Cohn, Baughman & Martin by Matthew Farmer, William M. Cohn and Brian Coffey; defendant Continental Insurance Company by Brennan, Steil & Basting by Michael R. Fitzpatrick and Michael & May by Steven

Schulwolf; defendant General Reinsurance Company by Ellen L. Green and Associated Electric and Gas Services Limited by Rivkin Radler by Robert Tugander. Honorable John C. Shabaz, District Judge, presided.

Defendant Century Indemnity Company seeks to compel disclosure of confidential settlement agreements between plaintiff and various other insurers. This Court has determined that these settlement agreements have no relevance to prove whether defendant has coverage obligations on its policies and is inadmissable under Rule 408, Federal Rules of Civil Procedure, to prove liability.

Defendant Century maintains that the settlements may be relevant to its right to contribution to the extent they demonstrate that plaintiff has double recovered or that it has overpaid relative to other insurers. The plaintiff and other settling insurers contend that the nature of the settlements will make it impossible to determine such amounts and that disclosure will undermine public policy encouraging confidential settlements.

Courts have reached differing results on the issue. This Court finds the better reasoned result is to deny discovery of such confidential settlements at this time, at least until the issues of insurers liability have been resolved and it can be determined whether a particular insurer has paid more than its share of damages. <u>Bottaro v. Hatton Associates</u>, 96 F.R.D. 158 (1982). Given a strong public policy of favoring settlements and the congressional intent to further that policy by insulating the bargaining table from unnecessary intrusions, the Court believes the better rule is to require some showing of a likelihood that admissible evidence will be

2

generated by the disclosure of the terms of the settlement agreements.  See Bottaro at page 160.

At the present time, discovery of the settlement agreements does not appear to be reasonably calculated to lead to discovery of admissible evidence and defendants have not made a sufficient showing to the contrary.  The determination, perhaps, will not be able to be made until final judgment has been rendered at which time the full liability of all defendants will be known and the pro rata share owed by the settling party ascertained.  As stated in Bottaro, even then the settlement will not be relevant to any issue in this case other than the ministerial apportionment of damages, a mathematical computation which the Court rather than the jury will perform.  As in Bottaro, the amount of the settlement is not relevant to any issue in this case at this time.

Accordingly, plaintiff will not be compelled to produce these documents at this time.  Issues of contribution must await resolution of defendants liability.  Disclosure at this point will breach the confidentiality of the agreements and might improperly affect settlement negotiations between these parties.  Defendant Century Indemnity Company has presented no persuasive argument that the information will be relevant to the fundamental liability issues in this case.

ORDER

IT IS ORDERED that said motion is DENIED.

Entered this 31st day of October, 2007.

BY THE COURT:
/s/
_____
JOHN C. SHABAZ
District Judge