IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

_____

WISCONSIN ELECTRIC POWER COMPANY,

        Plaintiff,

                            MEMORANDUM AND ORDER

   v.

                                07-C-277-S

THE NORTHERN ASSURANCE COMPANY OF AMERICA
as successor to EMPLOYERS SURPLUS LINES INSURANCE COMPANY,

        Defendants.
_____

WISCONSIN ELECTRIC POWER COMPANY,

        Plaintiff,

   v.

                                07-C-299-S

CENTURY INDEMNITY COMPANY as successor to
CALIFORNIA UNION INSURANCE COMPANY, INDEMNITY
INSURANCE COMPANY OF NORTH AMERICA and INSURANCE
COMPANY OF NORTH AMERICA, CONTINENTAL INSURANCE
COMPANY as successor to HARBOR INSURANCE COMPANY
and GENERAL REINSURANCE COMPANY,

        Defendants.
_____

      Defendant Century Indemnity Company's motions to compel production of documents withheld by plaintiff as privileged and to oppose plaintiff's claim of inadvertent production came on to be heard in the above entitled matters on November 21, 2007, the plaintiff having appeared by Heller Ehrman by David J. Harth and David Klein; defendant Continental Insurance Company by Brennan, Steil & Basting by Michael R. Fitzpatrick and Michael & May by

Steven Schulwolf; defendant Century Indemnity Company by Cohn, Baughman & Martin by Brian Coffey; Honorable John C. Shabaz, District Judge, presided.

In December 1999, at the request of its in-house attorneys, plaintiff retained Kestrel Management Services, LLC to assess the risks associated with plaintiff's "perceived environmental exposures." All of Kestrels communications with plaintiff were treated as highly confidential. Plaintiff asserts that all of Kestrel's reports are privileged. Nevertheless, plaintiff inadvertently disclosed two Kestrel documents which it now seeks to recover pursuant to the parties' agreement.

Plaintiff makes no reasoned argument that the reports prepared by third party Kestrel constitute attorney client communications. Accordingly, if they are protected from disclosure it must be because they are "prepared in anticipation of litigation" within the meaning of Rule 26(b)(3), Federal Rules of Civil Procedure. Although litigation need not be imminent at the time of preparation, the primary purpose of it must be to aid in potential litigation. <u>Binks Mfg. Co. v. Nat. Presto industries, Inc.</u>, 709 F.2d 1109, 1119 (7th Cir. 1983)

The entire body of Kestrel's work does not automatically qualify as work product merely because portions of it might have potential use in litigation. If that was the case, every corporate report assessing risks would be protected. The Kestrel report was aimed at a wide variety of "perceived environmental exposures."

2

There is certainly nothing to suggest that every such perceived risk exposure presented likely litigation. The fact that it was treated as confidential and presented to attorneys does not alter its character.

Neither of the inadvertently disclosed documents are protected from disclosure by Rule 26(b)(3). The first document sets forth definitions and the general approach of the reports and does not contain material which could possibly be used in litigation. The second document, which consists of summary notes concerning certain Fort Atkinson property, expressly states that the contamination at the site posed little risk for litigation:

> WDNR has not aggressively pursued site clean up and closure. Most site investigations and monitoring have been conducted by WEC by their own initiative. WDNR site manager, Steve Ales has suggested he would support the site for closure to the Closure Review Board even without substantial remediation of the site.

The report focuses on the business uses for the property and value of the property for redevelopment. The document certainly does not appear to be primarily for use in future litigation and the Court will grant defendant Continental's motion to deny the return of said document.

As to the motion to compel production of other documents for which privilege is claimed, defendant makes reasonable arguments based on the privilege log for its belief that these documents may not be privileged. Plaintiff asserts that all are privileged. The Court determines that resolution of the dispute is not possible

without an *in camera* inspection of the withheld documents. In light of plaintiff's rejected assertion of privilege as to the documents it inadvertently produced, it appears likely that some of the documents are unprivileged. The Court will order that within one week plaintiff shall do one of two things with respect to each document identified in tab 1; either produce it to defendant Continental or produce it to the Court for *in camera* examination. Plaintiff shall also be required to prepare a separate list for all documents produced to the Court, setting forth its justification for asserting privilege as to each document produced.

Accordingly,

ORDER

IT IS ORDERED that defendant Continental's motion to deny plaintiff's request for return of the two inadvertently produced Kestrel documents is GRANTED.

IT IS FURTHER ORDERED that not later than November 28, 2007 plaintiff shall either produce the documents identified in tab 1 to defendant Continental or the Court for its *in-camera* inspection and shall prepare a separate list for all documents produced to the Court setting forth plaintiff's justification for asserting privilege as to each document produced.

Entered this 21st day of November, 2007.

                                  BY THE COURT:

                                          /s/
                              _____
                              JOHN C. SHABAZ
                              District Judge